# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

YOLANDA BETTY, on behalf of M.A.T.B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 18-10922
Hon. Terrence G. Berg

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's March 13, 2019 Report and Recommendation (ECF No. 23), recommending that Defendant's Motion for Summary Judgment (ECF No. 22) be GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 17) be DENIED.

The Court has reviewed Magistrate Judge Stafford's report and recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the

decision of the Commissioner denying Plaintiff's claims for supplemental social security income benefits is **AFFIRMED**.

Plaintiff brings this claim on behalf of M.A.T.B., a minor child who is seeking disability benefits. Plaintiff filed timely objections to Magistrate Judge Stafford's March 13, 2019 Report and Recommendation. ECF No. 24. This Court reviews *de novo* parts of a report and recommendation to which a party objects. *Bass v. McMahon*, 499 F.3d 509 (6th Cir. 2007). In conducting that *de novo* review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. After careful analysis of the record, including Plaintiff's objections, the Court concludes Plaintiff's objections do not warrant reaching a conclusion contrary to the Administrative Law Judge (ALJ) or the Magistrate Judge's Report and Recommendation.

**a. Legal Standard**

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). When the claimant is a minor child, the claimant

will be considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Social Security Administration determines whether a child is disabled in three steps: (1) whether the child is engaged in "substantial gainful activity"; (2) whether the child has any "severe" impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *See* 20 C.F.R. § 416.924(a); *Barnett ex rel. D.B. v. Comm'r of Soc. Sec.*, 573 F. App'x 461, 462 (6th Cir. 2014).

To determine an impairment's functional equivalence, the SSA examines the effects of the impairment on six behavioral domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. *Barnett*, 573 F. App'x at 464; 20 C.F.R. § 416.926a(b)(1). If a claimant's impairments result in "'marked' limitations in two domains" or "an 'extreme' limitation in one," those impairments "functionally equal" the impairments listed in

the regulation. An impairment results in "marked limitation" in a domain when the impairment "interferes seriously" with the "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926(e)(2). An impairment results in "extreme" limitation when the impairment "interferes very seriously" with the "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926(e)(3).

**b. Proceedings Below**

The ALJ used the proper legal framework set forth above to determine the following: M.A.T.B. had not engaged in substantial gainful activity since the application date; M.A.T.B. has the severe impairments of attention deficit hyperactivity disorder (ADHD) and oppositional defiant disorder (ODD); M.A.T.B's impairments do not meet, medically equal, or functionally equal the severity of the regulatory listings. Transcript, ECF No. 8-2, PageID.50. The ALJ came to this conclusion by analyzing each of the six behavioral domains, finding that M.A.T.B. displayed less than marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, and health and physical wellbeing, and no limitations in moving about and manipulating objects and caring for himself. *Id.* at PageID.52–59.

Based on the analysis above, the ALJ concluded that M.A.T.B. is not disabled as that term is defined in the Social Security Act.

4

M.A.T.B. requested review from the SSA Appeals Council; the Appeals Council declined to review the ALJ's decision.

In cases where the SSA Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Limited judicial review of the Commissioner's disability determination by a federal district court is permitted under 42 U.S.C. § 405(g). The scope of that judicial review is circumscribed in that the reviewing district court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass*, 499 F.3d at 509 (quotation marks omitted). The substantial evidence standard is less exacting than the preponderance of evidence standard. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) ("Substantial evidence is . . . more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Satisfying the substantial evidence standard does not require finding that a decision for the other party would be

unreasonable. Instead, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted *even if substantial evidence would support the opposite conclusion.*" *Bass*, 499 F.3d at 509 (emphasis added).

**c. Analysis**

Plaintiff filed two objections to the Magistrate Judge's Report and Recommendation. First, he objects that "The Magistrate erred when she affirmed the ALJ's finding that MATB's domains of acquiring and using information and attending and completing tasks were less than markedly impaired." Plaintiff's Objections, ECF No. 24, PageID.449. Second, he objects that "The Magistrate erred when she affirmed the ALJ's finding that MATB's domain of interacting and relating to others was less than markedly impaired." *Id.* at PageID.451.

> *i. Acquiring and using information and attending and completing tasks*

In his first objection, Plaintiff argues that the ALJ "failed to seriously consider" Plaintiff's prior poor academic performance and Individualized Education Plan (IEP), placing too much weight on the fact that Plaintiff had been showing behavioral improvement at school. *Id.* at PageID.450. This evidence was thoroughly considered, both in the ALJ's decision and in the Magistrate Judge's Report and

6

Recommendation. A review of the ALJ's written decision quickly belies Plaintiff's objection. The ALJ devoted several paragraphs to discussing Plaintiff's IEP and prior academic difficulties. As noted in the subsection above, the substantial evidence standard is satisfied even when the opposite decision also would have been supported by substantial evidence. The ALJ's written opinion shows that the ALJ considered all available evidence. Plaintiff's first objection is therefore overruled.

    *ii.    Interacting and relating to others*

Again, Plaintiff's objection does not respond specifically to the Magistrate Judge's Report and Recommendation. Plaintiff focuses on the fact that "on the date of the hearing, information was provided with a notice that Plaintiff was to appear at a detention hearing at the Circuit Court of Cook County – Juvenile Justice Division in Chicago, Illinois following an incident where Plaintiff became unruly and disobedient to police officers." ECF No. 24, PageID.452. But there is no evidence that the ALJ or the Magistrate Judge failed to consider that fact. Instead, Plaintiff summarily deems the ALJ's analysis "woefully inadequate" and states without support that the ALJ's finding is outside the "'zone of choice' within which the ALJ can make evidentiary findings without interference." *Id.* at PageID.453.

Indeed, the ALJ engaged extensively with the entirety of Plaintiff's medical and behavioral record to determine that Plaintiff's impairment resulted in a less than marked limitation in the domain of interacting and relating with others. Transcript, ECF No. 8-2, PageID.55–57. The Court finds no basis for the objection that the ALJ failed to consider any relevant evidence. Plaintiff's second objection is therefore overruled.

### d. Conclusion

In sum, Plaintiff's objections do not warrant declining to adopt Magistrate Judge Stafford's Report and Recommendation. As such, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Stafford's Report and Recommendation (ECF No. 23) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (ECF No. 17) is **DENIED**, Defendant's motion for summary judgment (ECF No. 22) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: April 16, 2019

## Certificate of Service

I hereby certify that this Order was electronically submitted on April 16, 2019, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager
